IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 16, 2005

## STATE OF TENNESSEE v. CHRISTOPHER LYNN HOOSIER

**Appeal from the Circuit Court for Montgomery County**
**No. 39924     John H. Gasaway, Judge**

_____

**No. M2004-03054-CCA-R3-CD - Filed September 13, 2005**

_____

A Montgomery County Circuit Court jury convicted the defendant, Christopher Lynn Hoosier, of possession with the intent to sell one-half gram or more of cocaine, a Class B felony, simple possession of marijuana, a Class A misdemeanor, and possession of drug paraphernalia, a Class A misdemeanor, and the trial court sentenced him as a Range II, multiple offender to concurrent terms of twenty years for the cocaine conviction and eleven months and twenty-nine days for each of the misdemeanor convictions. The defendant appeals, claiming the trial court erred in sentencing him by finding enhancement factors that were not submitted to a jury or proven beyond a reasonable doubt and by failing to apply a factor in mitigation. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined. ROBERT W. WEDEMEYER, J., not participating.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Christopher Lynn Hoosier.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Jr. and Arthur F. Bieber, Assistant District Attorneys General, for the appellant, State of Tennessee.

**OPINION**

At trial, the evidence showed that officers of the Clarksville Police Department's Major Crimes Unit executed a search warrant at the defendant's home, where he lived with his girlfriend and their three children. The search revealed the presence of 43.6 ounces of crack cocaine, a small amount of marijuana, drug paraphernalia, $8025 in cash, handguns, and electronic scales.

At the sentencing hearing, the defendant testified that he was thirty-three years old and that he had three minor children. He said he did not use the weapons police found in his home for protecting his drugs. He said that his work history was sporadic, that his last full-time job was at

State Stove, where he worked for five years, and that after he quit his job at State Stove, he worked with his uncle on a tobacco farm. The defendant explained that he was selling drugs in order to support his family. He said he was also using drugs.

On cross-examination, the defendant said the weapons found at his home were not his. He admitted, however, that the weapons were found "in the utility room with the crack cocaine." He acknowledged that the $8000 the police found at his home was his. He said that during the ten years before his arrest, he had no disability which would have prevented him from working.

Following the defendant's testimony, the state submitted the defendant's presentence report into evidence, which showed the defendant had three prior felony convictions and sixteen prior misdemeanor convictions. The trial court found the defendant to be a Range II, multiple offender based upon his three prior felony convictions. Considering enhancement of the defendant's sentence within Range II, the trial court found that the defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range, that the defendant had a previous history of unwillingness to comply with conditions involving release into the community, and that the defendant committed the present offenses while on probation from a prior felony conviction. See T.C.A. § 40-35-114(2), (9), (14)(C) (2003).[1] The trial court then enhanced the defendant's sentence from twelve years, the minimum within the range, to twenty years, the maximum. The trial court found no applicable mitigating factors.

## I. EXCESSIVE SENTENCE

The defendant contends that the trial court erred in enhancing his sentence under the rule announced in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and in failing to apply as a factor in mitigation the fact that he sold drugs to provide for his family. See T.C.A. § 40-35-113(7). The state contends that the defendant has waived his Blakely argument by failing to object at the sentencing hearing on Sixth Amendment grounds to the trial court's enhancement of his sentence, that, in any event, Tennessee's sentencing scheme does not violate the Sixth Amendment right to trial by jury, and that the trial court did not err in failing to apply mitigating factor (7). We agree with the state.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2003). As the Sentencing Commission Comments to this section note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act,

---

[1] We note that on June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-114, -210, and -401. See 2005 Tenn. Pub. Acts ch. 353, §§ 5, 6, 8. However, the amended code sections are inapplicable to the defendant's appeal.

we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this regard, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2003); see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

The range of punishment for a Range II, Class B felon is twelve to twenty years. T.C.A. § 40-35-112(b)(2). Applicable to this case, unless there are enhancement factors present, the presumptive sentence to be imposed is the minimum in the range for a Class B felony. T.C.A. § 40-35-210(c) (2003). Our sentencing act provides that procedurally, the trial court is to increase the sentence within the range based on the existence of enhancement factors and, then, reduce the sentence as appropriate for any mitigating factors. T.C.A. § 40-35-210(d), (e) (2003). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. T.C.A. § 40-35-210 (2003), Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169.

In Blakely, the United States Supreme Court held that other than prior convictions, any facts not reflected in the jury's verdict and used to increase a defendant's punishment above the presumptive sentence must be admitted by the defendant or found by the jury beyond a reasonable doubt. 542 U.S. at __, 124 S. Ct. at 2537. However, the Tennessee Supreme Court has held that failure to object on Sixth Amendment grounds in the trial court waives the issue on appeal and that, in any event, Tennessee's sentencing procedures do not violate the Sixth Amendment right to trial by jury as interpreted by the Supreme Court in Blakely and United States v. Booker, __ U.S. __, 125

S. Ct. 738 (2005). See State v. Gomez, 163 S.W.3d 632 (Tenn. 2005). The record reflects that the defendant failed to object at the sentencing hearing on Sixth Amendment grounds to the trial court's enhancement of his sentence. Accordingly, the defendant has waived this issue. See T.R.A.P. 36(a).

Concerning mitigation, Tennessee Code Annotated section 40-35-113(7) provides as a mitigating factor that "[t]he defendant was motivated by a desire to provide necessities for the defendant's family . . . ." The defendant seeks a reduction in his sentence by claiming that he was trafficking in drugs to provide for his family. However, the defendant testified at the sentencing hearing that he is not disabled and has obtained gainful employment in the past. The trial court did not err in failing to apply this factor.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE